UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DELMAR PROPERTIES MANAGEMENT AND CONSTRUCTION, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 4:14 CV 757 RWS<br>) |
| THE PHOENIX INSURANCE CO., | )<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

There are two pending motions before me in this insurance dispute: plaintiff Delmar Properties Management and Construction, LLC ("Plaintiff")'s Motion for Leave to Amend Petition to Join Insurance Brokers, and defendant The Phoenix Insurance Company ("Phoenix")'s Motion for Leave to File Counterclaim for Declaratory Judgment and Modify Scheduling Order. For the following reasons, I will grant both motions. However, because joinder of the Insurance Brokers will destroy subject matter jurisdiction, I will also remand this action to state court pursuant to 28 U.S.C. § 1447(e).

## Background

Plaintiff owns a twelve-unit rental property located at 5561-5565 Chamberlain in Saint Louis, Missouri. On January 18, 2014, while Plaintiff was renovating the property, it was vandalized and several appliances from the apartments were stolen. At the time of the loss, Plaintiff had a policy of insurance with Phoenix. Plaintiff submitted a claim to Phoenix for the damage to the property. Phoenix denied the claim, stating that the property was "vacant" and that, pursuant to the policy's vacancy exclusion clause, the loss was not covered.

Plaintiff, a Missouri limited liability company, filed suit against Phoenix in the Circuit Court for the City of St. Louis, Missouri on March 5, 2014. Plaintiff's complaint brings claims of breach of contract and vexatious refusal based on Phoenix's refusal to cover the loss. Phoenix, a citizen of Connecticut, removed this case to this Court on April 16, 2014, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. There is no federal question at issue in this case.

Now, approximately one year after suit was brought, both parties move to amend their pleadings. Although both motions are untimely under the deadlines set in the case management order entered in this case, both parties argue that leave to amend should be granted because of newly discovered evidence.

**Legal Standard**

Leave to amend is to be freely granted under Federal Rule of Civil Procedure 15(a), and "should normally be granted absent good reason for a denial." Popp Telcom v. Am. Sharecom, Inc., 210 F.3d 928, 943 (8th Cir. 2000). "The classic 'good reasons' for rejecting an amendment are: 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment.'" Id. "Delay alone is not a sufficient reason for denying leave." Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 695 (8th Cir. 1981). "Rather, the party opposing the motion must show it will be unfairly prejudiced." Dennis v. Dillard Dept. Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000) (internal citations omitted). The decision of whether to grant leave to amend is within the court's discretion. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971).

**Discussion**

A. Phoenix's Motion for Leave to File a Counterclaim

Phoenix seeks leave to file a counterclaim for declaratory judgment against Plaintiff. The proposed counterclaim alleges that the insurance policy is void because Plaintiff misrepresented material facts regarding the occupancy of the property in its insurance application. Specifically, Phoenix alleges that Plaintiff told Robert Butler and Stephanie Rorabacher, Plaintiff's insurance brokers (collectively with Smith McGhee, LLC, the "Insurance Brokers") to list the property as 50% occupied when in fact it was vacant. Phoenix claims that it only recently learned this information from the Insurance Brokers' depositions, and therefore good cause exists to allow it to file its untimely counterclaim. Fed. R. Civ. P. 16(b).

Phoenix further argues that it should be allowed to file the counterclaim under Federal Rule of Civil Procedure 15(a) because none of the good reasons for rejecting amendment exist. In particular, Phoenix argues that granting leave would not result in undue delay or undue prejudice because the trial is not set until September 14, 2015, and because Plaintiff has equal access to all depositions and discovery forming the basis of the counterclaim. See Dennis v. Dillard Dept. Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000) (internal citations omitted). Additionally, Phoenix asserts that there is no bad faith or dilatory motive on its part since the motion is based on newly discovered facts. See id.

Plaintiff opposes Phoenix's motion, arguing that it is based on facts that were available to Phoenix months prior to filing its motion. Plaintiff argues that Phoenix had the "tenant schedule," which lists the property as being 50% occupied, as early as April 2013. As a result, Plaintiff argues that Phoenix has failed to be diligent and lacks good cause.

3

Although it appears that Phoenix has had access to the tenant schedule for some time, it is not clear that Phoenix knew or should have known how or on what basis the Insurance Brokers made the occupancy representation, or that, as alleged, it was Plaintiff who told the Insurance Brokers that the property was 50% occupied. Additionally, even if Phoenix delayed in bringing this counterclaim, delay alone is not a sufficient basis for denying a party leave to bring a viable claim. See Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 695 (8th Cir. 1981) ("We are not convinced that a party's opportunity to amend should be defeated, in absence of prejudice to the opposing party, merely because he tactically chooses to delay assertion of a claim or defense.").

Here, based on a review of the record, it appears that Phoenix's claim is viable. Furthermore, Plaintiff has not shown that it would be unfairly prejudiced by allowing Phoenix to file its counterclaim. Under Rule 15(a)(2), leave to amend pleadings should be freely given when justice so requires. Because none of the classic good reasons for denying joinder exist, permitting Phoenix to file its proposed counterclaim against Plaintiff is proper and I will grant Phoenix leave to file its counterclaim.

B. Plaintiff's Motion for Leave to Amend Petition to Join Insurance Brokers

Plaintiff seeks leave to join the Insurance Brokers as defendants, arguing that, in the event the Court determines that the vacancy clause excludes coverage, the Insurance Brokers are liable for its loss because they were negligence in procuring such a limited insurance policy.

Joinder of a party is permissible under Federal Rule of Civil Procedure 20(a)(2) if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of occurrences" and "any question of law or fact common to all defendants will arise in the action." Long v. Oakley Fertilizer, Inc.,

994 F. Supp. 2d 1057, 1060 (E.D. Mo. 2014). Here, joinder of the Insurance Brokers is permissible because the relief sought against Phoenix and the Insurance Brokers arises out of the same insurance claim and damages affecting the property on January 18, 2014. Additionally, questions of law and fact common to all defendants will arise in the action, including interpretation of the insurance policy, as well as questions about the application and renewal process, the particular facts Phoenix relied on in declining coverage, and whether the Insurance Brokers accurately communicated key facts to Phoenix regarding occupancy.

However, because the Insurance Brokers are Missouri citizens, as are Plaintiffs, adding the Insurance Brokers would destroy diversity under 28 U.S.C. § 1332(a)(1). See OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) ("Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

The relevant inquiry in determining whether to permit joinder and remand the action, or to deny joinder, is "[t]he extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Alpers Jobbing Co. v. Northland Cas. Co., 173 F.R.D. 517, 520 (E.D. Mo. 1997) (internal citations omitted); see also Bailey v. Bayer CropScience L.P., 563 F.3d 302, 307 (8th Cir. 2009) (internal citations omitted). I will address each of the factors separately below.

*1. The Extent to Which Joinder of the Nondiverse Party is Sought to Defeat Jurisdiction*

The first factor I must consider is the extent to which joinder of the nondiverse party is sought to defeat federal jurisdiction. Bailey, 563 F.3d at 307. Plaintiff argues that it seeks to join the Insurance Brokers, not due to some ulterior motive focused on destroying federal jurisdiction, but in order to legitimately recover damages from the brokers, support its claims against Phoenix, and to defend itself against Phoenix's counterclaim.

Phoenix argues that the fact that Plaintiff waited fourteen months to seek joinder of the Insurance Brokers, despite being aware of its potential cause of action against the Insurance Brokers since before suit was filed, shows that Plaintiff's sole desire is to defeat diversity jurisdiction.

It is reasonable to assume that Plaintiff would prefer to be in state court because that is where Plaintiff brought suit. Additionally, the file shows that Phoenix informed Plaintiff that its reason for denial was based on the vacancy exclusion as early as January 23, 2014. Accordingly, it would be difficult to argue that Plaintiff did not or should not have known of its potential claim against the Insurance Brokers until the March 9, 2015 depositions. See Alpers, 173 F.R.D. at 517. However, it does not necessarily follow that Plaintiff's desire to join the Insurance Brokers as defendants now is based primarily on its desire to defeat diversity jurisdiction. Indeed, there are several valid reasons for Plaintiff to attempt to join the Insurance Brokers now. First, it is undeniable that the information gained during the Insurance Brokers' depositions has spurred new activity on both sides of this case. Phoenix itself argues that it learned new information at the depositions in support of its own motion to amend. Additionally, Phoenix's counterclaim alleges that Plaintiff concealed and misrepresented material facts in its application for the policy at issue. Plaintiff's defense to this charge is that the Insurance Brokers are liable for any alleged

misrepresentation. Furthermore, Plaintiff's proposed amended complaint brings a negligence claim against the Insurance Brokers. Plaintiff's potential claim against the Insurance Brokers, and its defense against Phoenix's counterclaim, have a reasonable basis in fact and law, indicating that Plaintiff has a legitimate reason for joining the Insurance Brokers. See Long v. Oakley Fertilizer, Inc., 994 F. Supp. 2d 1057, 1060 (E.D. Mo. 2014) (citing Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir.2003)). As a result, this factor weighs in favor of allowing joinder.

*2. Whether Plaintiff has been Dilatory in Seeking Amendment*

The next factor is whether Plaintiff has been dilatory in seeking amendment. Bailey, 563 F.3d at 307. On one hand, Plaintiff waited nearly fourteen months after suit was filed to seek joinder of the Insurance Brokers, despite the fact that Plaintiff should have been aware of its potential claims against them. See Alpers, 173 F.R.D. at 517. On the other hand, the March 9, 2015 depositions revealed at least some new information sufficient to warrant both parties' instant motions. Moreover, soon after the depositions took place, Plaintiff sought to address the new information, first by notifying the Court of its intent to involve the Insurance Brokers at a March 30, 2015 status conference; followed by the filing of Plaintiff's motion to dismiss the case without prejudice on April 2, 2015; and then by the filing of Plaintiff's instant motion to amend the petition on May 4, 2015. Overall, the weight of the evidence suggests that Plaintiff's decision to seek amendment now is largely based upon new information following the March 9, 2015 depositions. As a result, any argument that Plaintiff has been dilatory in seeking the amendment does not weigh heavily against permitting joinder.

*3. Whether Plaintiff would be Significantly Injured if the Court does not Grant Leave to Join the Nondiverse Party*

The third factor for consideration is whether Plaintiff would be significantly injured if I do not grant it leave to add the Insurance Brokers as defendants. Bailey, 563 F.3d at 307. Phoenix argues that there would be little, if any, prejudice to Plaintiff if I do not permit joinder because the Insurance Brokers are not indispensable parties, and Plaintiff can sue them separately in state court if desired. Plaintiff argues that it would be prejudiced by having to unnecessarily litigate the same or similar claims in two separate forums. While Plaintiff would not be precluded from recovering from the Insurance Brokers if I denied amendment, the burden of litigating the same or similar claims in two separate forums would be at least somewhat prejudicial to Plaintiff, and, as a result, this factor also weighs in favor of allowing joinder.

*4. Other Equitable Considerations*

Finally, I consider whether there are any other equitable considerations relevant here. As Phoenix points out, diverse defendants have an interest in choosing a federal forum, which weighs in favor of denying Plaintiff's motion. However, I also note that it is in the interests of judicial economy that the parties' claims be adjudicated in one action.

*5. The Balance of the Factors*

Overall, I find that the equities weigh in favor of allowing the joinder of the Insurance Brokers as defendants. As a result, I will grant Plaintiff's motion to amend the petition to join the Insurance Brokers as defendants. However, since joinder of the Insurance Brokers will destroy subject matter jurisdiction, I will also remand the action to state court pursuant to 28 U.S.C. § 1447(e).

Accordingly,

**IT IS HEREBY ORDERED** that Phoenix's Motion for Leave to File Counterclaim for Declaratory Judgment and Modify Scheduling Order #[30] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Petition to Join Insurance Brokers #[38] is **GRANTED** and Robert Butler, Stephanie Rorabacher, and Smith McGehee, LLC shall be joined as defendants to this action.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Circuit Court for the Twenty-Second Judicial Circuit, St. Louis City, Missouri from which it was removed under 28 U.S.C. § 1447(d).

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of May, 2015.